IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THE CHILDREN'S HOSPITAL, INC., etc.; KIMBERLY CUNNINGHAM, and CHARLES CUNNINGHAM, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Civil Action Number ) ) 00-C-880-S |
| ROBEY-BARBER INSURANCE SERVICES CORPORATION; SYSTEMS & METHODS; USBENEFITS; GOOD AS GOLD, INC., et al., | ) ) ) ) ) |
| Defendants | ) ) |

**MEMORANDUM OPINION DENYING MOTIONS TO DISMISS**

Based largely on documents outside the complaint, USBenefits has moved to dismiss the amended complaint. The allegations of the Plaintiffs' well-pleaded First Amended Complaint embrace each of the Defendants. Paragraphs 56 - 72 of the said complaint embody specific allegations against the Defendant USBenefits Services, Inc. ("USBenefits").

The motions must be denied because the complaint clearly states a legally cognizable claim against USBenefits.

It may well be that as a "stop-loss" insurer, USBenefits is not a "fiduciary," within the meaning of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1104, 1105. *American Medical Security, Inc. v. Bartlett,* 915 F.Supp. 740 (D.Md. 1996) *affirmed* 111 F.3d 358 (4th Cir.1997); *United Food & Commercial Workers v. Pacyga,* 801 F.2d 1157, 1161 (9th Cir.1986); *Consumer Benefit Ass'n of the United States v. Lexington*, 731 F.Supp. 1510 (M.D.Ala.1990). But the appropriate vehicle for putting the Plaintiffs to their proof is a motion



for summary judgment. And a motion for summary judgment will only be entertained by this Court *after* the parties have been afforded a reasonable opportunity to complete discovery.

By separate orders, USBenefits' motions to dismiss will be denied, without prejudice.

Done this 29th day of March, 2001.

                                                          Chief United States District Judge
                                                              U.W. Clemon